UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVEN GREENE, <br><br> Plaintiff <br><br> vs. <br><br> THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT ("NYPD") OFFICER MICHAEL REALE, NYPD OFFICER JOHN DOE 1-10. <br><br> Defendants. | Case No.  24-cv-8963 <br><br> **COMPLAINT** <br><br> DEMAND FOR JURY TRIAL |

Plaintiff, by and through his undersigned attorney, alleges as follows:

## NATURE OF THE ACTION

1.  Plaintiff brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violation of his civil rights under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution, as well as New York State law claims against all Defendants that are so related to the other counts that they form part of the same case.

## JURISDICTION

2.  The Court has jurisdiction over Plaintiff's federal law claims under 28 U.S.C §§ 1331, 1343(a), (3), and (4), claims and supplemental jurisdiction over Plaintiff's State claims under 28 U.S.C. § 1367(a).

## JURY TRIAL DEMANDED

3.  Plaintiff demands trial by jury of all issues properly triable thereby.

1

## VENUE

4.    Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and (c).

## THE PARTIES

5.    Plaintiff Steven Greene is a United States citizen and resident of the City and State of New York.

6.    That at all times herein mentioned, Defendant CITY OF NEW YORK (hereinafter "CITY") was and is a municipal corporation, duly organized and existing under and by virtue of the laws of the State of New York.

7.    That at all times herein mentioned, Defendant CITY operated, controlled and maintained a police force known as the New York Police Department ("hereinafter "NYPD").

8.    That at all times herein mentioned, defendant Officer Michael Reale (hereinafter, "Reale") was and is an NYPD officer employed by defendant CITY.

9.    That at all times herein mentioned, Defendant REALE was acting within the course and scope of his employment with defendant CITY.

10.    That at all times herein mentioned, Defendant REALE was acting under color of state law.

11.    Defendant REALE is sued herein in both his individual and official capacities.

12.    That at all times herein mentioned, currently unknown and unnamed officers (hereinafter, "DOES") was and are NYPD officers and supervisors employed by defendant CITY.

13.     That at all times herein mentioned, defendant DOES were acting within the course and scope of their employment with defendant CITY.

14.     That at all times herein mentioned, Defendant DOES were acting under color of state law.

15.     Defendant DOES are sued herein in both their individual and official capacities.

16.     At all relevant times herein, the individual Defendants acted jointly and in concert with each other.

17.     Each individual defendant had the duty and the opportunity to protect Plaintiff from the unlawful actions of the other individual Defendants, but each individual defendant failed and refused to perform such duty, thereby proximately causing Plaintiff's injuries.

## STATEMENT OF FACTS

18.     On or about August 24, 2023, Plaintiff Steven Greene, who is a well known and respected advocate both for people with mental health disabilities and for young black men such as himself, who are often times subjected to discriminatory health care, racial profiling, and unjust stop and frisks, witnessed two white officers getting out of an NYPD vehicle number 4217, and approaching a group of black young men in a BMW in the Bronx, at and around 450 East 169th St.

19.     Mr. Greene, as a resident and advocate living in the Bronx, in a district with the highest rate of stops and frisks in the city[1] concerned about the public safety of his community, walked over to the public space with his camera and began filming the interaction.

---

[1] https://www.nyclu.org/data/nypd-quarterly-reports, last visited November 20, 2024.

20.     When Mr. Greene saw that the officers had detained these men in front of their vehicle, Mr. Greene shouted to the young black men their rights, specifically, that they need not consent to a search.

21.     Mr. Greene, because he is an advocate and as a part of his work as one, advocates against stop and frisk policies, knows that officers are supposed to log each and every stop and frisk. His experience as an advocate, and resident of the Bronx demonstrated to him that such procedure is not always followed, especially in his neighborhood, in these precincts.  When he sees stops and frisks are very aggressive on the part of the NYPD, or seem especially random, while maintaining a distance, and making sure he is not interfering with police activity, Mr. Greene sometimes asks for badge numbers, or cards, so he can follow up with public records and make sure that the stops have been logged.

22.     Mr. Greene did that here. He asked JOHN DOE OFFICER 1, for his badge number, and such was provided.  Then he asked Defendant Officer Reale for his badge number, and the number 2181 was properly provided.

23.     Defendant Reale then attempted to physical push Mr. Greene out of the way. Mr. Greene told Defendant Reale not to touch him, stating that he was not touching Defendant Reale.

24.     Mr. Greene asked to see the number displayed on the badge, or to obtain a card.

25.     As he got closer, Defendant Reale forcefully smacked Mr. Greene's cell phone that he was filming with, out of Mr. Greene's hand and onto the floor.

26.     Defendant Reale pushed Mr. Greene, who repeated "Don't touch me, why are you touching me?" as Defendant Reale and JOHN DOE 1 officer, who appeared to just then

turn on his Body Worn Camera continued to touch, and push Mr. Greene out of the way, and away from his phone that had been smacked onto the floor, and was on the ground recording.

27.     Defendant Reale then punched Mr. Greene, took him to the ground, and subjected him to excessive force, including punching him in his face after he was already down on the ground restrained, and putting his arms around Mr. Greene's neck, in a choke hold, covering Mr. Greene's mouth and nose to the point that Mr. Greene could not breathe. Defendant Reale then puts handcuffs on Mr. Greene so tightly, in order to cause him harm, that it created large gaps in his skin and much bleeding.

28.     The body worn camera of Defendant John Doe 1, which was- at this point, on the ground, was recording, and while little could be seen on the video, what could be heard was a crowd of people screaming and yelling in the background, and one white officer taking his baton out, and  at some point people in the crowd yelling, "Don't shoot him! Don't shoot him!" as upon information and belief, Defendant Reale reached for his weapon.

29.     Upon information and belief Officer Reale's Body Worn Camera was not turned on, nor was it provided to the District Attorney's Office.

30.     Mr. Greene sustained many injuries including severe breaking of the skin of his wrist, numbness and tingling in his wrist, and other visible and deep cuts, and bruising.

31.     Mr. Greene was then taken to the precinct, and while he was there, despite his numerous requests to give him some space, or at least not to touch him, as he has pre-diagnosed mental health conditions including PTSD, escorting officers crowded and touched him.

32.     Mr. Greene was placed in a holding cell, and then treated by EMT at the precinct.  He was transferred to another precinct the next day, and interrogated there by a

detective about what had ensued. Mr. Greene, although he was given the choice to have an attorney present, chose to explain to the detective what had happened with the with Defendants.

33.    Mr. Greene was taken to Central Booking, and arraigned on felony charges, including felony Assault in the Second Degree, 120.05(3), Obstructing Governmental Administration, Assault in the third degree, resisting arrest, and harassment.

34.    Bail was set on the case at $10,000. Mr. Greene spent 10 days at Rikers Island.

35.    The case was presented to the grand jury and it was dismissed. The grand jury found that there was no probable cause that Mr. Greene had committed any felony assault, and that charge was no true billed, dismissed and sealed on October 5th, 2023.  The remaining charges, including resisting arrest, and obstructing governmental administration were dismissed and sealed on January 10, 2024.

36.    Upon information and belief the Defendant police officers were never disciplined or investigated for this incident.

37.    All Defendants agreed, cooperated, participated, and conspired with their co-Defendants herein to assist in and effectuate Plaintiff's unlawful arrest, excessive force, malicious abuse of process, and malicious prosecution for crimes Officers knew that he did not commit, and in so doing deprived Plaintiff of his rights, privileges and immunities secured by the Constitution of the United States, including, but not limited to, his rights under the Fourth and Fourteenth Amendments to the U.S. Constitution to be free from unreasonable searches and seizures and to due process of law.

38.    Defendants made these false allegations against Plaintiff with actual malice, and out of spite and ill will, and with retributive purpose.

39.     Defendants engaged in the above-described conduct intentionally and/or with deliberate indifference to Plaintiff's constitutional and civil rights.

40.     All Defendants acted in concert to lodge these false allegations against Plaintiff Greene and initiate a prosecution against him for offenses they knew he did not commit.

41.     Upon information and belief, Defendants arrested and imprisoned Plaintiff despite knowing that there was no legal justification for doing so in order to justify their own actions, and cover up their use of force against Plaintiff, and to put pressure on plaintiff to plead guilty.

42.     As a result of the foregoing, Plaintiff sustained, *inter alia*, deprivation of his constitutional rights; loss of enjoyment of life; loss of liberty; loss of basic; fundamental human contact; loss of natural contact with his significant other; loss of natural contact with his family; loss of the natural family role he played within his family as father and husband; physical injuries; personal injuries; emotional injuries; loss of income; loss of economic opportunity; pain and suffering; severe mental anguish, emotional distress, fear and lack of privacy, all necessitating psychiatric or therapeutic counseling, inadequate medical care; humiliation, indignities and embarrassment; degradation; injury to reputation; restrictions on or total deprivations of all personal freedoms; liberties and entitlements, including but not limited to diet, sleep, personal contact, educational opportunity, vocational opportunity, athletic opportunity, hobbies, religious fulfillment, personal fulfillment, sexual activity, family relations, marital relations, reading, movies, travel, driving, enjoyment, and expression. Furthermore, as a direct result of his unjust conviction and imprisonment, and the excessive force used against him, many of the effects of these disabilities and impairments

continue to plague Plaintiff to this day, and will continue to plague Plaintiff for the rest of his life.

## PROCEDURAL POSTURE OF STATE CLAIMS

43.    Plaintiff filed a timely Notice of Claim, receipt number 2023PI07087.

44.    A 50-h hearing was held in March of 2024.

45.    It is within 1 year and 90 days that plaintiff is bringing these claims.

46.    Plaintiff has duly complied with all conditions precedent to the commencement of this action.

## FIRST CLAIM FOR RELIEF
## EXCESSIVE FORCE IN VIOLATION OF 42 U.S.C. § 1983 AND
## THE FOURTH AND FOURTEENTH AMENDMENTS OF THE CONSTITUTION

47.    The Plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

48.    The level of force employed by Defendants against Plaintiff was objectively unreasonable and violated Plaintiff' constitutional rights.

49.    As a result of the aforementioned conduct of the Defendants, Plaintiff was subjected to excessive force and sustained lasting damage to his wrist, including numbing and tingling in his hand, and other physical and emotional injuries.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST IN VIOLATION OF 42 U.S.C. § 1983 AND
## THE FOURTH AND FOURTEENTH AMENDMENTS OF THE CONSTITUTION

50.    The Plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

51.     Plaintiff was subjected to an illegal, improper and false arrest by Defendants, and taken into custody and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

52.     As a direct and proximate result of the foregoing, Plaintiff was placed in substantial and prolonged fear for his safety, his liberty was restricted for an extended period of time. He was subjected to handcuffs and other physical restraints, without probable cause or other lawful justification, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and suffered and will continue to suffer injury and damages as a result, including, inter alia, physical and mental pain and suffering, and mental anguish.

### THIRD CLAIM FOR RELIEF
### MALICIOUS PROSECUTION IN VIOLATION OF 42 U.S.C. § 1983 AND THE FOURTH AND FOURTEENTH AMENDMENTS OF THE CONSTITUTION

53.     The Plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

54.     Plaintiff Steven Greene was arraigned on a criminal court complaint under Bronx County Docket Number CR-018518-23BX, which, based on the fabricated information that Defendants had provided to the District Attorney's Office, charged plaintiff with Criminal aforementioned charges for which he was no true billed, and lesser charges which were after two court dates, subsequently dismissed.

55.     There was no probable cause that Plaintiff Greene had committed any of these crimes or any other offense.

56.     Defendants did not make a complete and full statement of facts to the District Attorney, and withheld exculpatory evidence from the District Attorney for charges against Plaintiff.

57.     Defendants were directly and actively involved in the continuation of criminal proceedings against Plaintiff for charges against Plaintiff.

58.     Defendants acted with malice in continuing criminal proceedings against Plaintiff.

59.     Defendants misrepresented and falsified evidence throughout all phases of the criminal proceeding.

## FOURTH CLAIM FOR RELIEF
## MALICIOUS ABUSE OF PROCESS IN VIOLATION OF 42 U.S.C. § 1983

60.     The Plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

61.     Defendants issued legal process to place Plaintiff under arrest.

62.     Defendants arrested Plaintiff in order to achieve a collateral objective of covering up their force, beyond the legitimate ends of the legal process.

63.     Defendants acted with intent to do harm to Plaintiff without excuse or justification.

64.     As a direct and proximate result of the misconduct and abuse of authority described above, Plaintiff have suffered and will continue to suffer injury and damages, including, inter alia, physical and mental pain and suffering, and mental anguish.

## FIFTH CLAIM FOR RELIEF
## FAILURE TO INTERVENE IN VIOLATION OF 42 U.S.C.§ 1983

65.     The Plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

66.     Each and every individual defendant had an affirmative duty to intervene on Plaintiff' behalf to prevent the violation of his constitutional rights.

67.     The individual Defendants failed to intervene on Plaintiff' behalf to prevent the violation of his constitutional rights incurred by the use of excessive force against him, his false arrest, malicious prosecution, and excessive force, despite having had a realistic opportunity to do so.

68.     As a result of the aforementioned conduct of the individual Defendants, Plaintiff's constitutional rights were violated.

69.     The Plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

70.     Defendants agreed, cooperated, participated, and conspired to assist in and effectuate plaintiff's unlawful detention, arrest, imprisonment, and malicious prosecution for crimes she did not commit, and in so doing deprived plaintiff of her rights, privileges and immunities secured by the Constitution of the United States, including, but not limited to, her rights under the Fourth and Fourteenth Amendments to the U.S. Constitution to be free from unreasonable searches and seizures and to due process of law.

71.     As a direct and proximate result of the misconduct and abuse of authority described above, Plaintiff have suffered and will continue to suffer injury and damages, including, inter alia, physical and mental pain and suffering, and mental anguish.

### SIXTH CLAIM FOR RELIEF
### EIGHTH CLAIM FOR RELIEF
### SUPERVISORY LIABILITY FOR DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. 1983

72.     The Plaintiff incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

73.     By their conduct in failing to remedy the wrongs committed by employees of the THE CITY OF NEW YORK under their supervision; in failing to properly train, supervise,

or discipline employees of the THE CITY OF NEW YORK under their supervision; and in directing employees under their supervision, Defendants, acting under the color of state law and in their individual and official capacities and within the scope of their employment, caused damage and injury in violation of Plaintiff' rights guaranteed under 42 U.S.C. § 1983, and the United States Constitution, including its Amendments.

74.    As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, emotional distress and psychological injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

### NINTH CLAIM FOR RELIEF
#### *MONELL* CLAIM AGAINST CITY DEFENDANT UNDER 42 U.S.C. 1983

75.    The Plaintiff incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

76.    The individual defendants, singly and collectively, while acting within the scope of their employment and authority and under color of state law, engaged in conduct that constituted customs, policies, practices, procedures, rules, or usages of the NYPD and their specific precinct(s) forbidden by the Constitution of the United States.

77.    The foregoing customs, policies, practices, procedures, rules, and usages include, but are not limited to, editing and with-holding, or not turning on Body Worn Camera footage for the sole purpose of hiding and destroying evidence of NYPD officers unconstitutional conduct.  This also includes, without limitation:

    a.    Routinely editing BWC video directly, before producing such to agencies such as the CCRB, or the District Attorney's Office, so that the video evidence of their excessive use of force is not preserved;

b.  Routinely with-holding video to different agencies, including the CCRB, or the District Attorney's Office, that shows officers arresting an individual unlawfully and without probable cause;

c.   Routinely altering BWC video footage in order to edit the narrative into one that is favorable to the NYPD;

d.  Ignoring evidence calling into question or directly or indirectly repudiating above mentioned measures;

e.  Failing to perform basic supervision and oversight of videos, to catch and discipline officers who engage in such conduct;

f.  Encouraging and directing, through policy and/or practice, its law enforcement officers to destroy, edit, and withhold video evidence that would reveal unconstitutional conduct;

g.   Encouraging and directing, through policy and/or practice, its law enforcement officers to hide and to edit BWC video that could be used to show officers unconstitutional conduct.

78.     Defendant CITY has recklessly and with deliberate indifference failed to provide adequate training and standards and policies and practices for its police officers. Such thus leads to recklessly and deliberately indifferent oversight which consciously permits the destruction of evidence, and leading to the arrest, and prosecution of individuals who are innocent of any wrongdoing in a related crime or crimes of which the individual is accused, arrested, and prosecuted.

79.     The abuse to which plaintiff was subjected was consistent with an institutionalized practice of the NYPD, which was known to and ratified by defendant CITY.

80.    Despite knowledge of these institutionalized practices, defendant CITY has at no time taken any effective action to prevent NYPD personnel from continuing to engage in this type of misconduct.

81.    Defendant CITY had prior notice of the vicious propensities of defendants, but took no steps to train them, correct their abuse of authority, or to discourage their unlawful use of authority.

82.    The failure of defendant CITY to properly train defendants included the failure to instruct them in applicable provisions of the State Penal Law of the State of New York, federal and state constitutional limitations, and the proper and prudent use of force and arrests.

83.    Defendant CITY authorized, tolerated as institutionalized practices, and ratified the misconduct detailed above by, among other things:

    a.    Failing to properly discipline, train, restrict, and control employees, including defendants, known to be irresponsible in their dealings with citizens of the community;

    b.    Failing to take adequate precautions in the training, hiring, promotion, and retention of police personnel, including specifically defendants herein;

    c.    Failing to forward to the offices of the District Attorneys evidence of criminal acts committed by police personnel;

    d.    Failing to establish or assure the functioning of a bona fide and meaningful departmental system for dealing with complaints of police misconduct, but instead responding to these types of complaints with bureaucratic power and official denials calculated to mislead the public.

e.   That the failure to supervise and/or train by defendant CITY of defendants herein rose to the level of deliberate indifference to the consequences of its actions, and indifference to plaintiff's rights, privileges and immunities secured by the Constitution of the United States of America, inter alia, plaintiff's Fourth and Fourteenth Amendment rights.

84.    The NYPD has inadequately screened, hired, retained, trained, and supervised its employees, including the individual defendants herein, to respect the constitutional rights of those individuals with whom NYPD police officers come in contact.

85.    The foregoing customs, policies, practices, procedures, rules, and usages constituted deliberate indifference to plaintiff's safety, well-being, and constitutional rights.

86.    The foregoing customs, policies, practices, procedures, rules, or usages were the direct and proximate cause of the constitutional violations suffered by plaintiff.

87.    The foregoing customs, policies, practices, procedures, rules, or usages were the moving force behind the constitutional violations suffered by plaintiff.

**TENTH CLAIM FOR RELIEF**
**VIOLATION OF AND RETALIATION FOR THE EXERCISE**
**OF RIGHTS TO FREE SPEECH AND ASSEMBLY**

88.    The Plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

89.     By the actions described above, Defendants violated, and retaliated for the exercise of, the free speech and assembly rights of Plaintiff.  The acts and conduct of the Defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

90.     As a result of the foregoing, Plaintiff was deprived of his liberty and property, experienced pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

**ELEVENTH CLAIM FOR RELIEF**
**VIOLATION OF TITLE II of the**
**AMERICANS WITH DISABILITIES ACT (42 U.S.C. § 12131 et seq.)**

91.     The Plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

92.     Congress enacted the ADA upon finding, among other things, that "society has tended to isolate and segregate individuals with disabilities" and that such forms for discrimination continue to be "serious and pervasive social problem." 42 U.S.C. § 12101(a)(2).

93.     In response to these findings, Congress explicitly stated that the purpose of the ADA is to provide "a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities" and "clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(l)(2).

94.     Title II of the ADA provides in pertinent part: "[N]o qualified individual with a disability shall, by reason of such disability, ...be subjected to discrimination by any such entity." 42 U.S.C. § 12132.  A person who is not a harm to others and themselves, cannot be arrested discriminated against because society fears them for no good reason.

95.     At all times relevant to this action, Defendants were public entities within the meaning of Title II of the ADA and provided a program, service, or activity to the general public.

96.     At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of Title II of the ADA and met the essential eligibility requirements for the receipt of the services, programs, or activities of Defendants.

97.     Through the acts and omissions of Defendants and their agents and employees described herein, Defendants have subjected Plaintiffs to discrimination on the basis of disability in violation of Title II of the ADA by failing to provide him communication and space that is as effective as communication provided to the general public during the course of law enforcement interactions, and by wrongfully thinking his mental illness, specifically the symptoms of his mental disability, and needing not to be touched and crowded, a crime.  Plaintiff was not reasonably accommodated from the time Defendant Officers were told by Mr. Greene that he has a variety of mental health disabilities, and requested several times that he not be crowded and touched because it aggravates his PTSD.

98.     As a result of the foregoing, Plaintiff was deprived of his liberty and property, experienced pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## TWELFTH CLAIM FOR RELIEF
### VIOLATION OF SECTION 504 of the
### REHABILITATION ACT of 1973 (29 U.S.C. § 794)

99.     The Plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

100.    Section 504 of the Rehabilitation Act of 1973 provides in pertinent part: "[N]o otherwise qualified individual with a disability. . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits, or be subjected to discrimination under any program or activity receiving federal financial assistance . . ." 29 U.S.C. § 794.

101.    Plaintiff was at all times relevant herein a qualified individual with disabilities within the meaning of the Rehabilitation Act because he has mental and physical impairments that substantially limits one or more of his major life activities. See 29 U.S.C. § 705(20)(B).

102.    At all times relevant to this action Defendants were recipients of federal funding within the meaning of the Rehabilitation Act.

103.    Through their acts and omissions described herein, Defendants have violated the Rehabilitation Act by excluding Plaintiff from participation in, by denying him the benefits of, and subjecting him to discrimination in the benefits and services Defendants provide to the general public

104.    As a result of the foregoing, Plaintiff was deprived of his liberty and property, experienced pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

**THIRTEENTH CLAIM FOR RELIEF**
**ASSAULT AND BATTERY UNDER THE NEW YORK CONSTITUTION**

105.    The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

106.    By the actions described above, defendants did inflict assault and battery upon the plaintiff.  The acts and conduct of defendants were the direct and proximate cause of injury and damage to the plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

107.    As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

**FOURTEENTH CLAIM FOR RELIEF**
**N.Y. STATE CONST. ART. I § 12 EXCESSIVE FORCE & DUE PROCESS**

108.    The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

109.    By using excessive force against Plaintiff without provocation and with no penological purpose, and failing to intervene on behalf of one another's unlawful and unconstitutional conduct, Defendants deprived Plaintiff of his rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. § 1983, including, but not limited to, rights guaranteed by Article I § 12 of the New York State Constitution.

110.    Defendants acted under color of law and conspired to deprive Plaintiff of his civil, constitutional, and statutory right to due process of law pursuant to §§ 5 and 6 of the New York State Constitution by fabricating false statements against him for the purpose of covering up their unconstitutional conduct, and are liable to Plaintiff under the New York State Constitution.

111.    Defendants, their officers, agents, servants and employees, were responsible for Plaintiff's injuries. Defendant City, as employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

112.    As a direct and proximate result of the misconduct and the abuse of authority detailed above, Plaintiff sustained the damages described above.

**FIFTEENTH CLAIM FOR RELIEF**
**FALSE ARREST AND FALSE IMPRISONMENT**
**UNDER THE NEW YORK CONSTITUTION**

113.    The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

114.    By the actions described above, defendants caused plaintiff to be falsely arrested and imprisoned, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

115.    As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

### SIXTEENTH CLAIM FOR RELIEF
### TRESSPASS UNDER THE NEW YORK CONSTITUTION

116.    The Plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

117.    The Defendants willfully, wrongfully and unlawfully trespassed upon the person of plaintiff.

118.    As a result of the foregoing, Plaintiff was deprived of his liberty and property, experienced pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

### SEVENTEENTH CLAIM FOR RELIEF
### INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### UNDER THE NEW YORK CONSTITUTION

119.    The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

120.    By the actions described above, defendants engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which intentionally and/or

negligently caused severe emotional distress to Plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

121.    As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## EIGHTEENTH CLAIM FOR RELIEF
### NEGLIGENCE UNDER THE NEW YORK CONSTITUTION

122.    The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

123.    The defendants, jointly and severally, negligently caused injuries, emotional distress and damage to the plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

124.    As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## NINETEENTH CLAIM FOR RELIEF
### NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING UNDER THE NEW YORK CONSTITUTION

125.    The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

126.    Defendants THE CITY OF NEW YORK negligently hired, screened, retained, supervised and trained defendants. The acts and conduct of the defendants were the direct and

proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

127.    As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## TWENTIETH CLAIM FOR RELIEF
### CONSTITUTIONAL TORT

128.    Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

129.    Defendants, acting under color of law, violated plaintiff's rights pursuant to Article I, §§ 6, 8, 9, 11 and 12 of the New York State Constitution.

130.    A damages remedy here is necessary to effectuate the purposes of §§ 6, 8, 9, 11 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

131.    As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## TWENTY-FIRST CLAIM FOR RELIEF
### ABUSE OF PROCESS UNDER THE NEW YORK CONSTITUTION

132.    Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

133.    By the conduct and actions described above, defendants employed regularly issued process against plaintiff compelling the performance or forbearance of prescribed acts.  The purpose of activating the process was intent to harm plaintiff without economic or social excuse

or justification, and the defendants were seeking a collateral advantage or corresponding detriment to plaintiff which was outside the legitimate ends of the process. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

134.    As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## TWENTY SECOND CLAIM FOR RELIEF
### MALICIOUS PROSECUTION UNDER THE NEW YORK CONSTITUTION

135.    The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

136.    By the actions described above, defendants maliciously prosecuted plaintiff without any right or authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

137.    As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## PRAYER FOR RELIEF
WHEREFORE, Plaintiff demands the following relief jointly and severally against all the Defendants:

  a.  Compensatory damages in an amount to be determined at trial;

  b.  Punitive damages in an amount to be determined at trial;

c.  Attorney's fees pursuant to 42 U.S.C. § 1988;

d.  An award of Plaintiff's costs of suit;

e.  Pre-judgment and post-judgment interest;

f.  Such other relief as this Court deems just and proper.

Dated this 22nd day of November, 2024

Respectfully Submitted,

_____/s/_____
P. Jenny Marashi (PM0916)
Marashi Legal
930 Grand Concourse, #1E
Bronx, NY 10451
(917) 703-1742
Marashi.legal@gmail.com
Attorney for Plaintiff